In the Matter of MARIA MEIER, an Infant, et al., Respondents, against BOARD OF EDUCATION OF THE CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF WINDHAM, JEWETT, LEXINGTON, ASHLAND AND DURHAM, Appellant.— The Board of Education appeals from an order permitting late filing of a claim on behalf of a 17-year-old girl and her father. The respondent father concedes in his brief and at the time of the argument that the granting of permission as to him was error. The infant received injuries on March 1, 1958, during a basketball game while participating in a playday at defendant school. Thereafter the parents were assured by the school authorities that there was insurance and that the expenses would be paid. In the interim the liability insurance carrier had made an investigation and in June, 1958, after the expiration of the 90 days' filing requirement, disclaimed liability. The carrier, having timely notice of the accident, is precluded from claiming prejudice. The section here involved (50-e, subd. 5) of the General Municipal Law states in part that when a claimant is an infant and fails to serve a notice of claim within the 90-day period, the court, in its discretion, may grant such leave provided the application is made within one year after the accident or event. The application to the court here was made February 24, 1959, well within the prescribed year. Whether there is merit to the claim is not our concern on this appeal. The insurance company had ample opportunity and did investigate the accident. The parents of the claimant relied upon the representations of the insured defendant and the application being timely, there is no substance to the contention of the Board of Education's insurance carrier, which is the real appellant herein. The court can take note that under such circumstances, as here, the infant relied upon and was governed by the judgment and advice of her parents, and if they made a mistake or unduly relied upon representations made to them, it should not prejudice the right of the infant. The lower court properly exercised its discretion. (*Matter of Osborn* v. *Board of Educ.*, 5 A D 2d 929.) Order modified by reversing on the law and the facts and in the exercise of discretion as to the father, John Meier, and affirming as to the infant, Maria Meier, with $10 costs to the respondent. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.